[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 8 2007
THOMAS K. KAHN
CLERK

_____

No. 07-10966
Non-Argument Calendar

_____

D. C. Docket No. 06-00384-CR-T-24-TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANCISCO URIBE-REDONDO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(August 8, 2007)**

Before TJOFLAT, ANDERSON and BARKETT, Circuit Judges.

PER CURIAM:

On pleas of guilty, the district court sentenced appellant to concurrent prison

terms of 135 months for conspiring to possess while aboard a vessel subject to the

jurisdiction of the United States five kilograms or more of cocaine with intent to distribute, and for possessing such cocaine aboard the same vessel with intent to distribute. He now appeals his sentences, contending that his sentences are unreasonable because the district court, in determining his sentence range under the Guidelines, erred in refusing to adjust the offense level downward under U.S.S.G. § 3B1.2(b) for his having been a minor participant in the criminal activity. We find no error and accordingly affirm.

The facts underlying appellant's offenses are these. On September 10, 2006, a U.S. Coast Guard helicopter spotted a "go-fast" boat in the Caribbean Sea. As it approached, those aboard the boat began to jettison bales of cocaine – even as the helicopter fired warning shots. Further shots disabled the boat, and a Coast Guard cutter approached. A boarding party boarded the boat, arrested appellant and five other men, and recovered thirty-seven bales of cocaine weighing approximately 840 kilograms. Appellant and the others each gave a post-arrest statement. Appellant stated that he had been recruited by Don Pedro, a Colombian, to pilot the go-fast boat to Haiti.

At sentencing, appellant acknowledged that he had been recruited to pilot the go-fast boat and was to have been paid between 20 million and 40 million pesos for doing so. Aside from being the boat's captain, he said that his duties

were the same as those of the other crewmen. He asked the court to reduce the offense level under U.S.S.G. § 3B1.2(b), but, as noted above, the court refused to do so.

In his brief to us, appellant contends that the court should have granted the § 3B1.2(b) reduction because he was less culpable than unindicted co-conspirators – that is, his role was minor when compared to the roles played by those involved in the entire drug trafficking network. He was not an organizer, leader, manager, or supervisor of the criminal activity.

A defendant "who is less culpable than most other participants, but whose role could not be described as minimal" is entitled to a two-level reduction for his minor role. U.S.S.G. § 3B1.2(b), comment. (n.5). The defendant bears the burden of proving that he played a minor role in the offense by a preponderance of the evidence. United States v. De Varon, 175 F.3d 930, 939 (11th Cir. 1999) (en banc).

A district court applies a two-prong test in making a mitigating role determination. Id. at 940-45. The first prong "measure[s] the defendant's role against the relevant conduct for which [he] has been held accountable." Id. at 940. "Where the relevant conduct attributed to a defendant is identical to [his] actual conduct, [he] cannot prove that [he] is entitled to a minor role adjustment simply

by pointing to some broader criminal scheme in which [he] was a minor participant but for which [he] was not held accountable." Id. at 941. The first prong of De Varon is often dispositive of the issue. See id. at 945.

The second prong involves the comparison of the defendant's conduct to that of the other participants in the conduct for which the defendant was held accountable. Id. at 944. Even if a defendant can show that his role was less than that of other participants, this "may not be dispositive of role in the offense, since it is possible that none are minor or minimal participants." Id.

The record supports the district court's finding that the conduct attributed to appellant was identical to his actual conduct and that he was not substantially less culpable than the other crew members on the go-fast boat. He was only held accountable for the quantity of cocaine found on his boat; the existence of a larger drug trafficking conspiracy was irrelevant. Further, while appellant asserts that his role was less than that of the person who was actually captaining the go-fast boat at the time the helicopter spotted it, this did not preclude the court from finding that his role was not minor.

In sum, the court committed no error in denying the § 3B1.2(b) downward adjustment. It therefore follows that appellant's sentences are not unreasonable.

AFFIRMED.